UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN, Plaintiffs, v. GATEWAY ELEVATOR INC. and FRED WUELLING, JR., Defendants. | : : : : : : : : : : : : | CIVIL ACTION NO. 09-4206 |

MEMORANDUM

GENE E.K. PRATTER, J.                                                             JUNE 21, 2011

The Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds (the "NEI Trust Funds") have brought this action pursuant to the Employee Retirement Income Security Act ("ERISA). The NEI Trust Funds seek to recover certain delinquent benefit contributions from Gateway Elevator Inc. ("Gateway Elevator") and Fred Wuelling, Jr., president and owner of Gateway Elevator, allegedly due under a collective bargaining agreement and a settlement agreement.

The NEI Trust Funds moved for summary judgment, which is unopposed.[1] For the

---

[1] Defendants did not file any response to the NEI Trust Funds' Motion. As further background, initially arbitration proceedings were held on June 28, 2010 (Doc. No. 10), but thereafter Gateway Elevator and Mr. Wuelling filed a demand for trial *de novo* (Doc. Nos. 13, 14). Because this action was not resolved by arbitration, the Court held a conference with the parties on September 14, 2010 to discuss pretrial scheduling and other issues (Doc. No. 16); during the conference the Court granted the NEI Trust Funds leave to file a motion for summary judgment. Since the September 2010 conference, the only communication that the Court has received from or on behalf of either Defendant was an October 4, 2010 communication from counsel to both Defendants indicating that the Motion is unopposed.

reasons discussed below, the Court grants summary judgment as to Count II and partial summary judgment on the issue of liability as to Counts I and III.

**FACTS**[2]

The NEI Trust Funds are multi-employer employee benefit plans established pursuant to sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37). Defs.' Answer ¶ 2. Gateway Elevator is a Missouri corporation engaged in the business as a contractor or subcontractor in the elevator industry. *Id.* ¶ 5. Mr. Wuelling is Gateway Elevator's president, only board member, and registered agent. Pls.' Mot. Ex. 1; *id.*, Ex. 2, Betts Ex. 3 (Company Information Form). He owns all of the company's shares. *Id.*, Ex. 2, Betts Ex. 3 (Company Information Form).

Gateway Elevator entered into a collective bargaining agreement with the International Union of Elevator Constructors on July 8, 2002 and May 13, 2009, with Mr. Wuelling signing the agreement on behalf of Gateway Elevator. Defs.' Answer ¶¶ 6, 23; Pls.' Mot., Ex. 2, Betts Ex. 1 (Collective Bargaining Agreements). Pursuant to the collective bargaining agreement, Gateway Elevator agreed to remit contributions to the NEI Trust Funds on behalf of certain of its employees covered by the agreement. Defs.' Answer ¶ 6. The collective bargaining agreement, in conjunction with the Declaration of Trust, which provides the terms for establishing and maintaining the NEI Trust Funds, require by the 15th of every month for Gateway Elevator to file with the NEI Trust Funds' office reporting forms indicating the number of hours certain of Gateway Elevator's employees worked under the collective bargaining agreement; such reporting

---

[2] Defendants ostensibly have not participated in discovery. Because Gateway Elevator failed to respond within 30 days after service of the Plaintiffs' Request for Admissions Addressed to Defendant served on August 19, 2010, Pls.' Mot., Ex. 3, Curley Aff. ¶¶ 2-4, each request is deemed admitted. *See* Fed. R. Civ. P. 36(a); *Anchorage Assocs.*, 922 F.2d at 176 n.7. Accordingly, the Court accepts as true each of the NEI Trust Funds' requests for admissions. *See* Pls.' Mot., Ex. 3, Curley Ex. 1 (hereinafter "Req. for Admis.").

provides the basis for calculating contributions owed to the NEI Trust Funds. *Id.* ¶ 2; Req. for Admis. ¶ 7. Pursuant to the collective bargaining agreement and Declaration of Trust, those contributions are due to the NEI Trust Funds within 15 days of each month. Req. for Admis. ¶ 7; Pls.' Mot., Ex. 2, Betts Ex. 4, ¶ 4 (Amendment to Declaration of Trust).

The "contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a)." Defs.' Answer ¶ 26.[3] The collective bargaining agreement provides that once the contributions are "paid into and/or due and owing to" the funds, they vest as assets of the fund. *See* Pls.' Mot., Ex. 2, Betts Ex. 1 ¶ 7 (Collective Bargaining Agreements) ("Title to all the monies paid into and/or due and owing to the [NEI Trust Funds] . . . shall vest in and remain exclusively in the Trustees of said Funds, respectively.").

During the period of September 2008 to the filing of the Motion, Gateway Elevator's employees were covered by the agreement. Req. for Admis. ¶ 6. However, for the months of September 2008 through May 2009, although Gateway Elevator filed reporting forms, it did not pay benefit contributions when due. *Id.* ¶ 8. On June 10, 2009, Gateway executed a settlement agreement with the NEI Trust Funds to pay $38,839.81 for delinquent contributions and interest for the period of September 2008 through May 2009. *Id.* ¶ 9; Pls.' Mot., Ex. 2, Betts Ex. 3 (Settlement Agreement). Mr. Wuelling signed the settlement on behalf of Gateway Elevator. Pls.' Mot., Ex. 2, Betts Ex. 3 (Settlement Agreement). Gateway Elevator paid $8,000 pursuant to the settlement agreement. Pls.' Mot. Ex. 2, Betts Ex. 2. It has not, however, paid the balance of

---

[3] 29 C.F.R. §2510.3-102(a) provides:
> the assets of the plan include amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets.

3

$30,839.81. Req. for Admis. ¶¶ 9, 11; Pls.' Mot. Ex. 2, Betts Aff. ¶¶ 6-7.

Additionally, Gateway Elevator is delinquent as to contributions for the month of July 2009 due to NEI Trust Funds under the collective bargaining agreement. *See* Req. for Admis. ¶¶ 5, 12-13; Pls.' Mot. Ex. 2, Betts Aff. ¶¶ 2, 8-9. Gateway Elevator reported $10,785.50 in contributions for July 2009, but has not paid those contributions to the NEI Trust Funds. Req. for Admis. ¶ 13; Pls.' Mot. Ex. 2, Betts Aff. ¶ 9. Since the filing of this action, Gateway Elevator also has been delinquent for contributions for the 13 months of August 2009 through August 2010, Pls.' Mot. Ex. 2, Betts Aff. ¶ 14, and has failed to report hours from August 2009 through September 2010 for its employees by the 15th of each month as required by the collective bargaining agreement, *id.* Ex. 2, Betts Aff. ¶¶ 12, 5.

## **STANDARD OF REVIEW**

Under Local Rule of Civil Procedure 7.1(c), Federal Rule of Civil Procedure 56 governs unopposed summary judgment motions, as is the case with the Motion at bar. The Court may grant summary judgment pursuant to Rule 56 if the "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), (a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

When a non-moving party fails to respond to a summary judgment motion, a court may

only grant the unopposed motion upon a finding that judgment for the moving party is "appropriate." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir.1990). Summary judgment is "appropriate" when the movant has demonstrated that summary judgment is warranted as a matter of law, specifically:

> [w]here the moving party has the burden of proof on the relevant issues, . . . the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law. Where the moving party does not have the burden of proof on the relevant issues, . . . the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law.

*Id.* Thus, given that the NEI Trust Funds have the burden of proof here, in order to grant the NEI Trust Funds' motion, the facts set forth in the motion must entitle the NEI Trust Funds to judgment as a matter of law. *Id.* at 176.

**DISCUSSION**

As discussed below, the NEI Trust Funds have demonstrated in their Motion that they are entitled to summary judgment for Count II of the Complaint, and partial summary judgment for Counts I and III.

*A. Count I: Deliquent Contributions*

The NEI Trust Funds have adduced sufficient evidence to establish they are entitled to judgment as a matter of law for Count I, because Gateway Elevator failed to make contributions in accordance with the terms of the collective bargaining agreement by failing to remit contributions to the NEI Trust Funds. *See* 29 U.S.C. § 1145.

The NEI Trust Funds have sustained their burden of proof by identifying evidence that the parties entered into the collective bargaining agreement and that Gateway Elevator failed to

comply with the terms of the agreement concerning timely payment of contributions. Specifically, Gateway Elevator failed to pay contributions for the month of July 2009 due to the NEI Trust Funds in the amount of $10,785.50. Additionally, Gateway Elevator has been delinquent for contributions for the months of August 2009 through August 2010, and has failed to report hours from August 2009 through September 2010 for its employees by the 15th of each month pursuant to the collective bargaining agreement.

Additionally, the NEI Trust Funds have demonstrated on the record that although Gateway Elevator had filed reports on contributions for the period of September 2008 to May 2009, inclusive, it did not pay the NEI Trust Funds for those months pursuant to the collective bargaining agreement's terms. The parties entered into a June 10, 2009 settlement agreement concerning the payment of those delinquent contributions. However, because Gateway Elevator failed to pay the remaining settlement agreement balance of $30,839.81, it thereby failed to pay the delinquent contributions for September 2008 to May 2009 owed under the collective bargaining agreement. *See Kelly v. Deutsche Bank Sec. Corp.*, No. 09-CV-5378, 2010 WL 2292388, at *2 (E.D.N.Y. June 3, 2010) (recognizing that 29 U.S.C. § 1145 authorizes a claim for delinquent contributions covered by a settlement agreement (citing *Bridge v. McHenry Truck Lines, Inc.*, No. 96 C 4628, 1998 WL 427611, at *3 (N.D. Ill. July 24, 1998)).

Accordingly, the Court finds that the NEI Trust Funds have sustained their burden of proof as to Gateway Elevator and the Court finds in favor of the NEI Trust Funds on the issue of liability on this count.

## B. Count II: Delinquent Contributions - Equitable Relief

Similarly, the NEI Trust Funds are entitled to judgment as a matter of law for Count II to enjoin Gateway Elevator from violating the terms of the collective bargaining agreements that requires Gateway Elevator to report employee hours and pay contributions to the NEI Trust Funds on time for employee benefits. As previously discussed, Gateway Elevator agreed to be bound by the collective bargaining agreement and has breached the agreement by failing to submit timely contributions and reports. *See* 29 U.S.C. § 1145. The equitable relief sought by the NEI Trust Funds is appropriate for the Court to grant under 29 U.S.C. §1132(g)(2)(E), and the Court deems such relief appropriate here.[4]

## C. Count III: Breach of Fiduciary Duty

The NEI Trust Funds have adduced sufficient evidence in their unopposed motion to support summary judgment for Count III, a breach of fiduciary duty claim against Mr. Wuelling pursuant to section 409 of ERISA, 29 U.S.C. § 1109(a).

Section 409 imposes personal liability on "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries." 29 U.S.C. § 1109(a). Furthermore, a person is a fiduciary:

> only "to the extent" that he acts in such a capacity in relation to a plan. 29 U.S.C. § 1002(21)(A). In every case charging breach of ERISA fiduciary duty, . . . the threshold question is not whether the actions of some person . . . adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.

---

[4] 29 U.S.C. § 1132(g)(2) and its subsection (E) provide:
> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . such other legal or equitable relief as the court deems appropriate.

7

*Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000). Accordingly, liability under section 409 attaches when the defendant is a fiduciary who, when in acting in such capacity, breaches a definable duty under ERISA.[5]

**1. Fiduciary Status**

ERISA defines a plan fiduciary, *inter alia*, as "a person" who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i). Accordingly, "[f]iduciary status attaches to a person managing an ERISA plan under subsection (i) of § 1002(21)(A) if that person exercises discretion in the management of the plan, or if the person exercises any authority or control over the management or disposition of the plan's assets." *Srein v. Frankford Trust Co.*, 323 F.3d 214, 220-21 (3d Cir. 2003) (citing *Bd. of Trs. of Bricklayers and Allied Craftsmen Local 6 of New Jersey Welfare Fund v. Wettlin Assocs. Inc.*, 237 F.3d 270, 273 (3d Cir. 2001)). The Court of Appeals for the Third Circuit has recognized that the distinction between "those who manage the plan in general, and those who manage the plan assets" is significant under subsection (i), because "discretion is specified as a prerequisite to fiduciary status for a person managing an ERISA plan, but the word 'discretionary' is conspicuously absent when the text refers to assets." *Wettlin Assocs.*, 237 F.3d at 272-73. The distinction "reflects the high standard of care trust law imposes upon those who handle money or other assets on behalf of another." *Id.* at 273 (citations omitted).

---

[5] Under ERISA, "Congress took a functional approach in defining who is a fiduciary, [thus] the function that the [defendant] is alleged to have performed in becoming an alleged fiduciary must be carefully scrutinized." *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 40-41 (3d Cir. 1991).

8

Pursuant to 29 U.S.C. § 1002(21)(A)(i), the relevant analysis concerning whether Mr. Wuelling acting as a fiduciary requires determining (1) whether Mr. Wuelling's authority or control concerned plan assets—specifically, whether the unpaid contributions are plan assets—and (2) whether Mr. Wuelling either exercised discretionary authority or control in the management of the plan *or* if he exercised any authority or control over the management or disposition of the plan's assets. 29 U.S.C. § 1002(21)(A); *Roofers Local 30 Combined Welfare Fund v. Lentz McGrane, Inc.*, No. 03-4187, 2005 WL 425582, at *3, *4 (E.D. Pa. Feb. 21, 2005); *Local Union No. 98 Int'l Bhd. of Elec. Workers v. RGB Servs., LLC*, No. 10-3486, 2011 WL 292233, at *5, *8 (E.D. Pa. Jan. 28, 2011).[6] Here, the Court concludes that the NEI Trust Funds have adduced sufficient evidence to satisfy their burden of proof on both parts of the fiduciary analysis.

---

[6] The Court recognizes that other courts within the Third Circuit have followed similar two-part analyses in determining whether an individual is a fiduciary pursuant to 29 U.S.C. § 1002(21)(A)(i) for purposes of imposing liability pursuant to section 409 of ERISA. For example, in *Laborers' Combined Funds of W. Pa. v. Parkins*, Nos. 01-CV-79, 01-CV-80, 2002 WL 31435287 (W.D. Pa. Jun. 5, 2002), the Court examined "(1) whether the funds at issue are plan assets, and (2) whether the corporate officer exercised control over those plan assets." Alternatively, other Third Circuit courts have considered: (1) whether the defendant's authority or control concerns plan assets; and (2) whether the individual exercised discretionary control or authority over such assets. *See PMTA-ILA Containerization Fund v. Rose*, No. 94-5635, 1995 WL 461269, at *4 (E.D. Pa. Aug. 2, 1995); *Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. World Transp., Inc.*, 241 F. Supp. 2d 499, 505 (E.D. Pa. 2003); *Local Union No. 98, Int'l Bhd. of Elec. Workers v. Garney Morris, Inc.*, No. Civ.A. 03-5272, 2004 WL 1151722, at *4 (E.D. Pa. May 24, 2004); *cf. Trustees of the I.A.M. Dist. No. 15 Health Fund & Trs. of Lodge 447 Fringe Benefit Trust Fund v. Operant Material Solutions of New York New Jersey LLC*, No. 07-4262, 2008 WL 4601792, at *4 (D.N.J. Oct. 15, 2008). While the second part of such inquiries have considered *either* whether a defendant acted with discretionary authority concerning management of the plan *or* whether a defendant exercised control over plan assets, as previously discussed, 29 U.S.C. § 1002(21)(A)(i), permits consideration of both. *Cf. Edmonson v. Lincoln Nat. Life Ins. Co.*, No. 10–4919, 2011 WL 1234889, at *13-*14 (E.D. Pa. Apr. 1, 2011) (discussing a breach of fiduciary duty claim and recognizing that "fiduciary status [under section 3(21)(A) of ERISA] does not hinge on the exercise of discretion in some cases").

First, the record here supports a finding that the unpaid contributions were plan assets. Gateway Elevator's contributions to the NEI Trust Funds pursuant to the collective bargaining agreement were plan assets as governed by ERISA and 29 C.F.R. §2510.3-102(a). Additionally, the terms of the collective bargaining agreement establish that Gateway Elevator's delinquent contributions are plan assets, because the agreement provides that "[t]itle to all the monies paid into and/or due and owing to the [NEI Trust Funds] . . . shall vest in and remain exclusively in the Trustees of said Funds, respectively." Such language supports the finding that the delinquent contributions are plan assets. *See Galgay v. Gangloff*, 677 F. Supp. 295, 301 (M.D. Pa. 1987), *aff'd*, 932 F.2d 959 (3d Cir. 1991) (finding the "clear and undisputed language" of the agreement, which stated, "Title to all the monies paid into and/or due and owing said fund shall be vested in and remain exclusively in the trustees of the fund," "makes any delinquent employer contributions vested assets of the plaintiff fund"); *PMTA-ILA*, 1995 WL 461269, at *4 (concluding the contributions to be assets because the agreement stated the contributions "accrued to" the fund "vested" in the fund trustees).[7]

Second, the NEI Trust Funds have sustained their burden of showing that Mr. Wuelling exercised authority or control over the disposition of the plan's assets to the extent that he was responsible for authorizing the checks for the payment of employee contributions and settlement funds to the NEI Trust Funds.[8] The evidence sufficiently supports the conclusion that Mr.

---

[7] Notwithstanding the existence of the Settlement Agreement between Gateway Elevator and the NEI Trust Funds, the unpaid contributions that are the subject of the Agreement are plan assets because the Agreement has no bearing upon and did not alter the provisions of the collective bargaining agreement concerning the owed contributions constituting vested assets of the NEI Trust Funds.

[8] The NEI Trust Funds contend at times that Mr. Wuelling's fiduciary status is contingent on whether Mr. Wuelling possessed "discretionary authority or discretionary control" over the disposition of the plan's assets, Pls.' Supp. Mem. at 11-13, but, for the reasons previously

Wuelling authorized the remittance of the monthly employee contributions to the NEI Trust Funds. Mr. Wuelling was the individual responsible for signing every Gateway Elevator check that made employee contribution or settlement payments to the NEI Trust Funds throughout the period of late 2008 through 2009. Notably, the payment of these checks occurred in an irregular, non-automatic manner throughout the same period when Gateway Elevator periodically failed to make certain monthly contributions to the plan. Mr. Wuelling was the signatory of checks for contribution payments dated September 15, 2008, February 26, 2009, April 27, 2009, July 14, 2009. Pls.' Mot., Ex. 2, Betts Ex. 2. Gateway Elevator was delinquent for benefit contributions and interest during the period of September 2008 through May 2009, and again in July 2009. Mr. Wuelling also was the signatory for the only three checks made in the performance of the settlement agreement, dated June 10, 2009, June 29, 2009, and July 30, 2009. Pls.' Mot., Ex. 2, Betts Ex. 3. Furthermore, Mr. Wuelling is the president, only board member, registered agent, and 100% shareholder, as well the signatory on the collective bargaining and settlement agreements.

Based on this evidence, the NEI Trust Funds have sustained their burden of proof for purposes of this unopposed motion in showing that Mr. Wuelling possessed control,[9] if not authority, over the plan assets during the relevant period in which Gateway Elevator failed to

---

discussed concerning 29 U.S.C. § 1002(21)(A)(i), the Court need not consider whether Mr. Wuelling possessed such discretionary authority. Instead, the Court's analysis for fiduciary status permits consideration of whether Mr. Wuelling possessed any control or authority over the plan assets, and the evidence that the NEI Trust Funds adduced in support of a "discretionary authority" analysis are equally applicable to a possession of control or authority inquiry.

[9] The Court of Appeals has defined "control" under 29 U.S.C. § 1002(21)(A) as " the act or power of controlling; regulation; domination or command," and "controlling" as "exercising restraint or direction over." *Srein*, 323 F.3d at 221 n.7 (citing *Webster's Unabridged Dictionary* 442 (2d ed. 1998)).

remit contributions to the NEI Trust Funds. As such, Mr. Wuelling had more than "mere custody or possession of plan assets"; he had both "the practical ability to dispose of plan funds" and that he acted in a "unilateral, undirected nature." *Nagy v. DeWese*, No. 09–3995, 2011 WL 679333, at *10-*11 (E.D. Pa. Feb. 23, 2011).

The Court's conclusion is further supported by the decisions of other courts that have reached similar conclusions concerning defendants who were signatories of checks on plan assets based upon similar circumstances. *See LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir.1997) (holding that parties exercise control over plan assets when they possess and use their power to write checks on a plan account and have responsibility over determining the payment order for creditors); *Briscoe v. Fine*, 444 F.3d 478, 494 (6th Cir. 2006) (concluding that defendant had "both had the power to write checks on the plan account (which was partially in [defendant's] name) and exercised that power" and as such "exercised control over plan assets," to qualify as an ERISA fiduciary); *David P. Coldesina, D.D.S. v. Est. of Simper*, 407 F.3d 1126, 1133-35 (10th Cir. 2005) (determining that an accountant serving as the administrator of an employee-benefits plan qualified as an ERISA fiduciary because he had control over plan assets by making disbursements to plan participants and depositing funds into his business account before writing checks on behalf of the plan for insurance products and services; he had "total control over the plan's money while it was in his account" and holding that "acting as a signatory on behalf of a plan . . . can indicate fiduciary control," at least where a party both has the power to issue checks and exercises that power); *cf. Srein*, 323 F.3d at 220-22 (holding a bank is a "fiduciary" where it wrongfully disbursed the plans' funds).

## 2. Breach of Fiduciary Duties

In addition to marshaling sufficient evidence concerning Mr. Wuelling's qualification as a fiduciary under 29 U.S.C. § 1002(21)(A)(i), the NEI Trust Funds have sufficiently demonstrated on the record that Mr. Wuelling's conduct in the exercise of his fiduciary authority breached a defined ERISA fiduciary duty. To support a section 409 claim for breach of fiduciary duty, a plaintiff must show causation between the breach of fiduciary duty and the loss. *In re Unisys Savings Plan Litig.*, 74 F.3d 420, 445 (3d Cir.1996); *see also McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 237 (5th Cir.1995)) ("To establish a claimed breach of fiduciary duty, an ERISA plaintiff must prove a breach of a fiduciary duty and a prima facie case of loss to the plan." (citation omitted)). ERISA assigns fiduciaries "a number of detailed duties and responsibilities" including the "proper management, administration, and investment of [plan] assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 252 (1993) (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142-43 (1985); 29 U.S.C. § 1104(a)).

The NEI Trust Funds argue that Mr. Wuelling breached a number of fiduciary duties arising under ERISA, which resulted in the loss of plan assets. Although the Court finds some of the arguments less persuasive,[10] the record adequately supports the NEI Trust Funds' contention

---

[10] The NEI Trust Funds have argued that Mr. Wuelling "chose to use [the employee contributions] for purposes other than payment of the contractually required employees' benefit contributions," and that "[i]nstead of satisfying his contractual obligations, he decided to pay Fred and not to pay the NEI Trust Funds monies he held as an ERISA fiduciary." Pls.' Mot. at 20. Such an argument implicates the fiduciary duties arising under 29 U.S.C. §§ 1103(c)(1) and 1106(a)(1). The first of those provisions requires that "the assets of a plan shall never inure to the benefit of any employer" and that "plan assets "shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries." 29 U.S.C. § 1103(c)(1); *see also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 23 (2004) ("[t]h[e] [anti-inurement] provision refers to the congressional determination that funds

13

that Mr. Wuelling breached his fiduciary duties to by failing to timely remit contributions. Pls.' Mot. at 18 ("He had a fiduciary and contractual responsibility to turn over those funds. Notwithstanding those responsibilities, he has failed to remit those amounts to the Plaintiffs' Funds."). Fiduciaries have a duty to conduct themselves "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]." 29 U.S.C. § 1104(a)(1)(D); *cf. Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 129 S.Ct. 865, 875 (2009) (recognizing that a fiduciary "is obliged to act 'in accordance with the documents and instruments governing the plan insofar as such documents

---

contributed by the employer (and, obviously, by the [nonowner] employees . . . ) must never revert to the employer . . . .' " (quoting *Vega v. Nat'l Life Ins. Serv. Inc.*, 188 F.3d 287, 293 n.5 (5th Cir. 1999) (alterations in original)); *Chao v. Stuart*, No. Civ.H-04-1115, 2005 WL 1693939, at *6 (S.D. Tex. July 20, 2005) ("[W]hen a fiduciary does not remit plan assets, but instead uses them for his benefit, he violates his duty expressed in ERISA's anti-inurement provision." (citation omitted)).

The second provision provides that a fiduciary shall not apply plan assets in any transaction with "a party in interest." 29 U.S.C. § 1106(a)(1). Parties of interest are defined "to encompass those entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries." *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 242 (2000) (citing 29 U.S.C. § 1002(14)). This includes "an employer any of whose employees are covered by such plan" and "a corporation of which 50% or more of the voting stock is owned by, *inter alia*, a fiduciary of the plan." *Nagy*, 2011 WL 679333, at *6 (citing 29 U.S.C. § 1002(14)(C), (G)(i)).

However, despite the NEI Trust Funds' contentions concerning Mr. Wuelling's breach of these duties, the record is devoid of any evidence that could plausibly support such assertions. In particular, the NEI Trust Funds propose that Mr. Wuelling's position as president, only board member, registered agent, and 100% shareholder, which ostensibly enabled him to have "exclusive interest and unchallenged authority," Pls.' Supp. Mem. at 15, is sufficient to show that Mr. Wuelling diverted the funds in contravention of his fiduciary duties. *Id.* at 15-16. The Court disagrees that it may draw such inferences about Mr. Wuelling's conduct solely on the basis of Mr. Wuelling's status as a corporate officer and shareholder and that the NEI Trust Funds did not receive certain owed contributions; such evidence is not dispositive of conduct without more. The NEI Trust Funds fail to cite any other evidence in support its argument on this score. Given the lack of evidentiary support on the issue, the Court concludes that for purposes of the motion the NEI Trust Funds have not adduced sufficient evidence to support the contention that Mr. Wuelling breached fiduciary duties of anti-inurement and loyalty.

and instruments are consistent with the provisions of [Title I] and [Title IV] of [ERISA],'
§ 1104(a)(1)(D), and the Act provides no exemption from this duty when it comes time to pay
benefits"). When performing this duty, a fiduciary must "discharge his duties with respect to a
plan solely in the interests of the participants and beneficiaries," 29 U.S.C. § 1104(a)(1).

Here, the plan documents—the collective bargaining agreement and Declaration of Trust—expressly provide, as previously discussed, that employee contributions are plan assets, and that Gateway Elevator was required to pay the owed contributions within 15 days of each month. Given that the plan documents provide that contributions will remit to the NEI Trust Funds, Mr. Wuelling thereby breached his fiduciary duty in violation of 29 U.S.C. § 1104(a)(1)(D) by neglecting to timely transfer to the NEI Trust Funds the contribution amounts owed—specifically, by failing to authorize checks to remit full payment of the plan assets from September 2008 to May 2009, and in July 2009, August 2009 and September 2010. *See Pension Benefit Guar. Corp. v. Solmsen*, 671 F. Supp. 938, 945-46 (E.D.N.Y. 1987) ("[The defendant fiduciary] neither forwarded nor made an effort to cause [the employer] to forward deducted employee contributions to the Plan, thereby violating the documents governing the Plan and 29 U.S.C. § 1104(a)(1)(D)."); *cf. Bicknell v. Lockheed Martin Group Benefits Plan*, 410 F. App'x 570, 576 (3d Cir. 2011) (unpublished) (determining that because, in discharging its fiduciary duties, the defendant abided by the plan documents, it did not breach any of its duties as a fiduciary). Furthermore, the record evidence sufficiently supports a finding that the NEI Trust Funds suffered losses, specifically, the unremitted contributions, which are directly attributable to Mr. Wuelling's contravention of his fiduciary duty to act in accordance with the plan documents by issuing the checks to remit monthly contributions to the NEI Trust Funds.

**CONCLUSION**

Given that the NEI Trust Funds have sustained their burden as the moving party and adduced sufficient facts to entitle them to judgment as a matter of law for Count II and on the issue of liability for Counts I and III, the Court grants in part the NEI Trust Funds' unopposed motion for summary judgment.[11]  An appropriate Order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[11] At this time, the Court shall defer ruling on the issue of damages and other relief that the NEI Trust Funds request relating to Counts I and III.  Although the Court has determined that partial summary judgment on the issue of liability is warranted for these counts, based upon a review of the NEI Trust Funds' proposed form of judgment, including a claim for an unspecified amount of attorney's fees, accompanying its motion for summary judgment, the Court finds that the assessment of damages or award of other relief requested requires further resolution based upon the Court's finding of liability against Gateway Elevator and Mr. Wuelling.